IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **99-cv-01923-JLK**

**CARRIE ANN LUCAS**,
**DEBBIE LANE,** and
**JULIE REISKIN,** on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

**KMART CORPORATION,**

    Defendant.

---

ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

---

KANE, J.

This wheelchair access disability discrimination case is before me on Plaintiffs' Motion for Class Certification. Plaintiffs' seek to certify a nationwide class of wheelchair users based on allegations of a pattern of discrimination against them in Kmart stores across the country. Defendant Kmart Corporation ("Kmart") objects to certification, principally on grounds that each one Kmart's 1500 stores is physically unique, differing in terms of size, layout, configuration, building structure and merchandise selection as would preclude a finding of commonality necessary for certification. I am unpersuaded, and grant Plaintiffs' Motion.

*Facts and Procedural History*.

Plaintiffs Carrie Ann Lucas, Debbie Lane and Julie Reiskin are individuals who depend on wheelchairs for their mobility. They filed this action against Kmart in 1999, asserting claims for violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*. and the Colorado Anti-Discrimination Act ("CADA"), Colo. Rev. Stat. §§ 24-34-601 *et seq.*, based on policies and practices they claimed Kmart maintained at their stores that discriminated against them and the entire class of shoppers who depend on wheelchairs or scooters for their mobility. Plaintiffs sought injunctive relief to correct these centralized policies and practices that created architectural and related barriers and impeded the ability of wheelchair-bound shoppers from using or enjoying access to Kmart, and moved for class certification.

During the pendency of the class certification motion, Kmart filed for protection under Chapter 11 of the Bankruptcy Code and proceedings ground to a halt as a result of the automatic stay triggered by such a filing. Kmart emerged from bankruptcy in May 2003 with a reorganization plan that called for significant changes in Kmart's business practices. The automatic stay dissolved, and the question quickly arose as to whether this action could, and should, proceed.

Over Kmart's objection that doing so would violate the fresh start and related provisions of the Bankruptcy Code, I granted Plaintiffs' Motion to Reopen. The parties

2

filed a series of supplemental briefs and related materials updating the case and the discovery plan, and renewed the Motion for Class Certification. As part of their negotiations, Plaintiffs conceded their CADA claims were discharged upon confirmation of Kmart's reorganization plan. The sole remaining claim, then, is Plaintiffs' request for injunctive relief under the ADA.

### *Discussion.*

After the reorganization, Kmart continues to operate approximately 1,500 stores nationwide. Plaintiffs contend they and others with disabilities have experienced numerous instances of discriminatory practices, policies, and barriers to access at Kmart both before and after reorganization, including narrow and obstructed aisles as well as inaccessible checkout aisles, counters, fitting rooms, and parking facilities. In addition to their own testimony, they offer the testimony of others in the putative class describing instances of similar problems at Kmart stores in other states. (Fuller Dep. at 51:5-55:25 (June 5, 2001); Mason Dep. at 26:10-27:13 (June 4, 2001); Mauro Dep. at 30:11-31:13; Pls.' Resp. to Def.'s June 6, 2003 Letter at App. 5, 6 (June 16, 2003).)

### Legal Standards for Class Certification.

In order to obtain certification as a class action under Fed. R. Civ. P. Rule 23, class plaintiffs must first demonstrate the prerequisites for class action status – numerosity, commonality, typicality, and adequacy of representation – exist under

subparagraph (a), and then demonstrate the action is properly maintainable as a class action for any of the reasons identified in paragraph (b). *See generally* C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 3d § 1785 (West 2005). Here, Plaintiffs contend the prerequisites for class designation are met, and seek to certify a nationwide class of wheelchair users under 23(b)(2).

Because of the flexible nature of class certification, courts are to favor the procedure. *Esplin v. Hirschi*, 402 F.2d 94, 99 (10th Cir. 1968). As long as the proper standards for class certification under Rule 23 are applied, the decision of whether to certify the class rests soundly in my discretion. *Shook v. El Paso County*, 386 F.3d 963, 967-68 (10th Cir. 2004).

In ruling on the Motion for Class Certification, I do not evaluate the underlying merits of the claim. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974)(rejecting cases requiring evaluation of likelihood of success on merits and instead accept the substantive allegations of the complaint as true.) While I need not blindly rely on conclusory allegations parroting Rule 23, I accept the substantive allegations of the complaint as true. *Shook* at 968 (citing *J.B v. Valdez*, 186 F.3d 1280, 1290 & n. 7 (10th Cir. 1999)). "In determining the propriety of a class action, the question is not whether the . . . plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Id.* (quoting *Anderson v. City of*

*Albuquerque*, 690 F.2d 796, 799 (10th Cir. 1982)); *see generally* Wright, Miller & Kane, *supra*, § 1785.

### Certification of Nationwide Class is Appropriate Under these Standards.

This case provides a paradigm for class certification under Rule 23(b)(2), where the party opposing the class is alleged to have acted or refused to act on grounds generally applicable to the class, and the relief sought seeks to compel compliance with civil rights laws in a manner that will inure to the benefit of all members of the putative class. *See* Wright, Miller & Kane, *supra*, §§ 1775, 1776. Indeed, the Advisory Committee Notes to the 1966 amendment adding subparagraph (b)(2) to Rule 23 explain that (b)(2) was intended to reach precisely the type of class proposed in this case: "Illustrative are various actions in the civil rights field where a party is charged with discriminating unlawfully against a class, usually one whose members are incapable of specific enumeration." *Applied in Colorado Cross-Disability Coalition v. Taco Bell Corp.*, 184 F.R.D. 354, 361 (D. Colo. 1999)(Babcock, C.J.).

Kmart's objection that the 23(a) prerequisites of commonality and typicality cannot be met entwines the standards for class certification with the merits of the case and is rejected. Specifically, Kmart argues that because there is no centralized control over design, access or configuration of Kmart's 1500 nationwide stores, common legal

5

and factual questions exist only as to those class members who patronize the same individual store. The claims of the proposed class representative, under this theory, are typical only of those class members who patronized the same stores as they did. I reject both contentions. The question of whether Kmart Corporation is liable for alleged ADA violations by its member stores is an open question that must be litigated on its merits. The fact Kmart denies it has ADA obligations for individual member stores will not preclude class certification in a case where that denial is in dispute.

The focus of concern in 23(b)(2) certification is whether final injunctive relief against defendant can and will benefit the class as a whole. Assuming discovery and litigation of Plaintiffs' claims can lead to a determination that Kmart Corporation is liable for discriminatory practices of its member stores, the prerequisites of commonality and typicality are met. Numerosity of the putative class is not reasonably in dispute, and the question whether the proposed representative plaintiffs can fairly and adequately represent a nationwide class of wheelchair users must be answered in the affirmative. *See Colorado Cross-Disability Coalition* at 361 (where Plaintiffs Julie Reiskin and Debbie Lane were deemed adequate to represent a similar class of wheelchair bound patrons of Taco Bell restaurants nationwide). With respect to 23(b)(2), the fact there is a dispute over the requirement that Kmart acted on grounds generally applicable to the class, or that Kmart is legally able to bind its stores with respect to injunctive relief,

does not bar certification. *See* Wright, Miller & Kane at § 1775, n. 12 (citing *Dickerson v. U.S. Steel Corp.*, 64 F.R.D. 351, 358 (E.D. ¶. 1974).

Defendants' objection regarding representative Plaintiffs' standing to assert claims on behalf of individuals who patronized other Kmart stores is subsumed by my determination that the Rule 23(a) prerquisites have been met. Defendants' objection regarding the "mootness" of claims by class members who patronized stores now closed is irrelevant given the nature of the claims and the relief sought. Stores no longer in existence will obviously not be bound by an order for injunctive relief, and the fact of their closure in no way affects the justiciability of claims seeking injunctive relief to remedy discrimination in stores that are open.

Based on the foregoing, Defendants' various objections to certification are DENIED and Plaintiffs' Motion for Class Certification is GRANTED. Plaintiffs Carrie Ann Lucas, Debbie Lane and Julie Reiskin are appointed representatives of the nationwide class of individuals who shop at Kmart and rely on wheelchairs or motorized scooters for their mobility in doing so.

Dated July 13, 2005     **s/John L. Kane**
                        SENIOR U.S. DISTRICT COURT JUDGE