IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 99-cv-01923-JLK

CARRIE ANN LUCAS,
DEBBIE LANE,
JULIE REISKIN,
EDWARD MUEGGE,
ROBERT G. GEYER,
STACY BERLOFF,
JEAN RYAN,
JAN CAMPBELL,
    on behalf of themselves and all others similarly situated,

                                Plaintiffs,

v.

KMART CORPORATION,

                                Defendant.

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY CERTIFICATION OF A DAMAGES SUB-CLASS
FOR SETTLEMENT PURPOSES ONLY**

Plaintiffs Carrie Ann Lucas, Edward Muegge, Robert Geyer, Stacy Berloff, Jean Ryan and Jan Campbell moved to preliminarily certify a Damages Settlement Sub-Class for settlement purposes only. Defendant Kmart Corporation ("Kmart") does not oppose this Motion. After considering the plaintiffs' brief and applicable law, the Court will grant the motion to preliminarily certify a Damages Settlement Sub-Class for settlement purposes only under F.R.C.P. 23(a) and both F.R.C.P. 23(b)(2) and 23(b)(3).

**Procedural History**

In an order issued on July 13, 2005 (the "2005 Certification Order"), the Court certified a class in this action under F.R.C.P. 23(a) and F.R.C.P. 23(b)(2) consisting of "individuals who shop at Kmart and rely on wheelchairs or motorized scooters for their mobility in doing so." 2005 Certification Order, 2005 WL 1648182 at *3. The parties have now reached a settlement in this matter. Simultaneous with the filing of the motion at issue here, the parties filed a joint motion for preliminary approval of the settlement agreement. Pursuant to that agreement, in addition to substantial injunctive relief, Kmart will pay $13 million ($8 million in cash and $5 million in gift cards) in order to resolve claims for statutory minimum damages[1] by members of the class. Class members who shopped at Kmart Stores in any of the seven states permitting statutory minimum damages -- California, Colorado, Hawaii, Massachusetts, New York, Oregon, and Texas (the "Statutory Minimum Damages States") -- will be eligible to make a claim for part of the $13 million to be provided pursuant to the settlement.[2]

The injunctive relief set forth in the settlement will benefit a "Settlement Class" based on the nationwide class certified by this Court on July 13, 2005. Not all members of the Settlement Class, however, will be eligible for monetary compensation. Plaintiffs therefore now seek preliminary certification for settlement purposes of a Damages Settlement Sub-Class defined as all Settlement Class Members who, at any time from May 6, 2003 through the term of the settlement

---

[1] Statutory minimum damages claims are claims under certain state statutes for damages in a certain specified amount that are recoverable without proof of actual damages.

[2] The Agreement does not address or release any claims for actual damages.

agreement, shopped or shop at any Kmart Store or Closed Kmart Store in the Statutory Minimum Damages States or who allege that they would have shopped or would shop at one or more Kmart Stores or Closed Kmart Stores in the Statutory Minimum Damages States but for allegedly being denied on the basis of disability the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of such Kmart Store(s) or Closed Kmart Store(s).

Plaintiffs also propose six individuals to serve as representatives of the Damages Settlement Sub-Class.  In addition to Carrie Ann Lucas, one of the original named plaintiffs who is also a member of the putative Damages Settlement Sub-Class, there is at least one proposed sub-class representative with claims in each of the seven states relevant to the Damages Settlement Sub-Class.

### Legal Standards for Class Certification

For a class to be certified under F.R.C.P. 23, plaintiffs must demonstrate that the prerequisites for class action status -- numerosity, commonality, typicality, and adequacy of representation -- exist under F.R.C.P. 23(a), and then demonstrate the action is properly maintainable under at least one of the three subsections of F.R.C.P. 23(b).[3]  See generally C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 3d § 1785 (West 2005). Here, plaintiffs seek to certify the Damages Settlement Sub-Class under F.R.C.P. 23(a) and both F.R.C.P. 23(b)(2) and F.R.C.P. 23(b)(3).

---

[3] The class must satisfy the requirements of F.R.C.P. 23 even in the settlement context. Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 619-20 (1997).

### A.     The Damages Settlement Sub-Class Satisfies F.R.C.P. 23(a).

#### 1.     Numerosity

Under F.R.C.P. 23(a), in order to be certified, a proposed class must be "so numerous that joinder of all members is impracticable." The proposed sub-class contains several thousand members and therefore satisfies the numerosity requirement. See, e.g., Owner-Operator Ind. Drivers Ass'n v. C.R. England, Inc., 2005 WL 2098919, at *2 (D. Utah Aug. 29, 2005); Vaszlavik v. Storage Tech. Corp., 183 F.R.D. 264, 270 (D. Colo. 1998).

#### 2.     Commonality

Commonality exists where there are "questions of law or fact common to the class." F.R.C.P. 23(a)(2). "Commonality requires only a single issue common to the class." J.B. v. Valdez, 186 F.3d 1280, 1288 (10th Cir. 1999). "[T]here may be varying fact situations among individual members of the class . . . as long as the claims of the plaintiffs and other class members are based on the same legal or remedial theory." Joseph v. Gen. Motors Corp., 109 F.R.D. 634, 639-40 (D. Colo. 1986).

The Damages Settlement Sub-Class meets this requirement. The liability theory for the Damages Settlement Sub-Class is almost identical to that of the class certified by the Court last July -- class members encountered barriers at Kmart Stores that hindered their access to the stores. My determination in the 2005 Certification Order that the commonality requirement was met with respect to the original class supports a parallel holding here with respect to the Damages Settlement Sub-Class.

In addition, numerous courts have held that where people who use wheelchairs or scooters encounter the same types of barriers at a number of commonly owned public accommodations, the commonality requirement for class certification is met. See, e.g., Moeller v. Taco Bell Corp., 220 F.R.D. 604, 609 (N.D. Cal. 2004); Access Now, Inc. v. Ambulatory Surgery Center Grp., 197 F.R.D. 522, 525 (S.D. Fla. 2000); Colorado Cross-Disability Coalition v. Taco Bell Corp., 184 F.R.D. 354, 358 (D. Colo. 1999); Arnold v. United Artists Theatre Circuit, Inc., 158 F.R.D. 439, 449 (N.D. Cal. 1994). Commonality is also established by the fact that Sub-Class members challenge a number of system-wide Kmart policies -- including policies concerning store operation and design, as well employee training policies -- that they allege are discriminatory. See, e.g., 1 Robert Newberg, Newberg on Class Actions, § 3:10 at 3-52 -53 (4th ed. 2002); Armstrong v. Davis, 275 F.3d 849, 868 (9th Cir. 2001).

**3.    Typicality**

Under the typicality requirement of F.R.C.P. 23(a)(3), the "claims or defenses of the representative parties [must be] typical of the claims or defenses of the class." "[D]iffering fact situations of class members do not defeat typicality under Rule 23(a)(3) so long as the claims of the class representative and class members are based on the same legal or remedial theory." Adamson v. Bowen, 855 F.2d 668, 676 (10th Cir. 1988). The proposed Damages Settlement Sub-Class satisfies this requirement.

The "legal and remedial theory" behind the Damages Settlement Sub-Class is that the sub-class members are individuals who use wheelchairs or scooters for mobility, who encountered barriers at Kmart Stores, and who are therefore entitled to statutory minimum damages. Each of

5

the proposed representatives of the Damages Settlement Sub-Class have these very claims and as such the typicality requirement is met.

### 4. Adequacy of Representation

Under the final requirement of F.R.C.P. 23(a), in order for a class to be certified, the class representatives must have common interests with the class members and be represented through qualified counsel. Cook v. Rockwell Int'l Corp., 151 F.R.D. 378, 386 (D. Colo. 1993). To satisfy the adequate representation requirement, "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 625-26 (1997) (internal citations omitted). The proposed Damages Settlement Sub-Class Representatives clearly meet this standard here. All six of them have disabilities that require them to use wheelchairs and/or scooters for mobility and all allege that they have encountered barriers at Kmart Stores in states providing for statutory minimum damages.

In addition, counsel for the sub-class, Fox & Robertson, P.C., specializes in representing individuals with disabilities and has extensive experience doing so both before this Court and elsewhere. (See Robertson Decl. at ¶¶ 2-3.) Notwithstanding the extensive disputes between the parties over the certification of the original class in this lawsuit, the quality of representation provided by Fox & Robertson, P.C. has never been disputed.

### B. The Damages Settlement Sub-Class Satisfies F.R.C.P. 23(b)(2).

In the Certification Order, the Court certified the nationwide class in this action under F.R.C.P. 23(b)(2), which permits class certification where a defendant has "acted or refused to act

on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole . . . ." The proposed Damages Settlement Sub-Class is simply a sub-group of the members of the class that the Court has already certified. The sub-class members seek, and as part of the settlement will get, the same injunctive relief sought by the members of the main class. The only difference is that they will also be eligible for compensation for statutory minimum damages claims.

The fact that members of the class will also be eligible for statutory minimum damages, however, does not mean that certification under F.R.C.P. 23(b)(2) is not permitted. Case law in the ADA context, including from Judge Babcock of this Court, provides that a class seeking both injunctive relief and statutory minimum damages can be certified under F.R.C.P. 23(b)(2). See Arnold, 158 F.R.D. at 452-53; Taco Bell, 184 F.R.D. at 361; Moeller, 220 F.R.D. at 613 (certification under F.R.C.P. 23(b)(2) appropriate when class is seeking substantial injunctive relief and "only the statutory minimum of damages under [California's] Unruh Act"). In reaching that conclusion in Taco Bell, Judge Babcock explained that when, as here, the plaintiff's "primary claim is for injunctive relief," "the fact that the class also seeks monetary relief damages [does not] change th[e] result" that certification under F.R.C.P. 23(b)(2) is appropriate. 184 F.R.D. at 361.

When the claims of the Damages Settlement Sub-Class Members are analyzed in terms of the overall relief they are seeking (and receiving under the settlement), their claims for injunctive relief predominate over the claims for statutory minimum damages. The claims for injunctive relief seek modifications of all the stores in the Kmart chain nationwide, along with substantial

7

alterations to Kmart's policies and procedures. See Moeller, 220 F.R.D. at 613 (injunctive issues predominate when class seeks both injunction requiring retrofitting of chain of restaurants and statutory minimum damages under California law). Indeed, the injunctive claims in this action were actively pursued on behalf of the members of the main class -- which includes every member of the proposed sub-class -- for a several-year period when damages claims were not even part of this litigation. Even now, the settlement only addresses statutory minimum damages, not actual damages. Under such circumstances, it cannot be disputed that this litigation has been predominantly about injunctive relief and not the pursuit of damages. Moreover, because the parties have agreed to an extensive notice program and class members will be provided the opportunity to opt-out, concerns that might otherwise be present when certifying a class under F.R.C.P. 23(b)(2) are not present here. Certification of the Damages Settlement Sub-Class under F.R.C.P. 23(b)(2) is therefore appropriate.

### C.      The Damages Settlement Sub-Class Satisfies F.R.C.P. 23(b)(3).

The Damages Settlement Sub-Class also satisfies the requirements of F.R.C.P. 23(b)(3). Under F.R.C.P. 23(b)(3), a class can be certified if the Court finds "that [(1)] the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and [(2)] that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

In determining whether these two requirements are met, F.R.C.P. 23(b)(3) sets forth four factors that may be pertinent:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

The requirements set forth in F.R.C.P. 23(b)(3) are satisfied here.

First, under the case law, when a class (here, a sub-class) of individuals with disabilities seeks statutory minimum damages for alleged discrimination based on architectural or other barriers, the factual and legal issues common to the class predominate over any individual issues. In Taco Bell, 184 F.R.D. at 361-63, Judge Babcock held that a class of individuals who use wheelchairs and were seeking both injunctive relief and statutory minimum damages could be certified pursuant to either F.R.C.P. 23(b)(2) or F.R.C.P. 23(b)(3). Judge Babcock held that certification under F.R.C.P. 23(b)(3) was appropriate because, while there were various questions concerning the defendant's possible liability that were common to the class, the only issue individual to each class member was "the number of instances of discrimination encountered by each class member." Id. at 362. Other courts have reached the similar conclusions in related circumstances. See, e.g., Moeller, 220 F.R.D. at 612-13; Arnold, 158 F.R.D. at 453.

Second, class certification for settlement purposes only is appropriate here because a "class action is superior to other available methods for the fair and efficient adjudication of the controversy." F.R.C.P. 23(b)(3). As a preliminary matter, the threshold set by this requirement is lower in the settlement context, because concerns that might exist about the management of the case in the form of a class action have no relevance in the context of a class certification for settlement purposes only. See, e.g., Amchem, 521 U.S. at 619; F.R.C.P. 23(b)(3)(D).

In any regard, this requirement is met here because the amounts at stake for an individual -- as little as fifty dollars and only rarely over eight thousand dollars -- are small enough to render most individual suits impractical.  See Taco Bell, 184 F.R.D. at 362; F.R.C.P. 23(b)(3)(A).  The impracticality of individual suits is confirmed at least in part by the general lack of similar litigation commenced against Kmart on an individual basis.  See F.R.C.P. 23(b)(3)(B).  Finally, the "desirability or undesirability of concentrating the litigation of the claims in the particular forum," F.R.C.P. 23(b)(3)(C), also argues in favor of certifying the sub-class for settlement purposes here.  Because of the pre-existence of the main class and the limited size of the potential financial recovery from bringing individual suits, it is desirable to concentrate the settlement of claims for statutory minimum damages in a particular forum, indeed, this particular forum.  See Taco Bell, 184 F.R.D. at 362.

*     *     *     *     *

Based on the foregoing, Plaintiffs' Unopposed Motion for Preliminary Certification of a Damages Sub-Class for Settlement Purposes Only is GRANTED.  Plaintiffs Carrie Ann Lucas, Edward Muegge, Robert Geyer, Stacy Berloff, Jean Ryan and Jan Campbell are appointed representatives of a sub-class consisting of all Settlement Class Members who, at any time from May 6, 2003 through the Term of the Settlement Agreement, shopped or shop at any Kmart Store or Closed Kmart Store in the Statutory Minimum Damages States or who allege that they would have shopped or would shop at one or more Kmart Stores or Closed Kmart Stores in the Statutory Minimum Damages States but for allegedly being denied on the basis of disability the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or

accommodations of such Kmart Store(s) or Closed Kmart Store(s). The sub-class is certified under F.R.C.P. 23(a) and both F.R.C.P. 23(b)(2) and F.R.C.P. 23(b)(3).

Dated: March 22, 2006

                                                BY THE COURT:

                                                S/John L. Kane
                                                SENIOR U.S. DISTRICT COURT JUDGE