IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 99-cv-01923-JLK

CARRIE ANN LUCAS,
DEBBIE LANE,
JULIE REISKIN,
EDWARD MUEGGE,
ROBERT G. GEYER,
STACY BERLOFF,
JEAN RYAN,
JAN CAMPBELL,

> on behalf of themselves and all others similarly situated,

> > Plaintiffs,

v.

KMART CORPORATION,

> > Defendant.

## JOINT STATUS REPORT

The parties, by and through their respective attorneys, hereby submit this Joint Status Report.

In this fourth annual Status Report, the parties are pleased to report on the status of the implementation of the settlement. Since the report on the anniversary date last year, the parties have continued to work cooperatively to implement the terms and goals of the *Lucas* Settlement Agreement and thereby improve the accessibility of Kmart stores to customers who use wheelchairs or scooters for mobility.

**BACKGROUND**

In February 2006, following years of litigation of claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 - 12189, as well as state law, plaintiffs and Kmart agreed to a ground-breaking settlement resolving claims by a nationwide class of Kmart customers who use wheelchairs or scooters for mobility.  The settlement was preliminarily approved by this Court on March 22, 2006, and following notice, the final approval hearing, and the expiration of the period for appeal, the settlement became final on September 8, 2006.

Under the settlement, Kmart agreed (i) to make physical changes to its stores over a seven-and-a-half year period to make them more accessible for customers who use wheelchairs and scooters; (ii) to revise its policies and training materials with respect to customers who use wheelchairs and scooters; and (iii) to pay damages to resolve claims for statutory minimum damages in seven states that provide for such damages.  In return, the class released accessibility claims under the ADA and state laws that incorporate or are parallel to the ADA, including claims for statutory minimum damages, and is enjoined from bringing injunctive or statutory minimum damages claims for the seven-and-a-half year remediation period.

**1.     Survey Process and Store Remediation**

On May 9, 2011, Kmart reported to class counsel on the remediation of an additional 215 stores as required by Paragraph 6.13 of the Settlement Agreement.

Class counsel are verifying the remediation using the database and photographs described in Paragraph 6.12.6 of the Settlement Agreement, and periodically report their findings to Kmart.  Although resolution of a number of barriers remains pending while the parties wait to hear from

landlords, over the course of Kmart's remediation efforts, class counsel have disputed a very small percentage of the remediated barriers.

Over the past year, Class Counsel scheduled follow-up surveys of seven stores -- three in Florida, and four in Louisiana -- pursuant to paragraph 7.3.1 of the Settlement Agreement. Unfortunately, shortly after Class Counsel had arrived in Florida to conduct the surveys, but before the surveys had commenced, Ms. Robertson was informed that the Judge she had clerked for had passed away, and Class Counsel postponed the Florida surveys to attend his funeral. The Louisiana surveys were also postponed. Class Counsel intend to commence these surveys this fall.

The parties continue to work together to try to identify barriers that are landlord responsibility. Kmart has analyzed the lease for each store and, where its analysis suggests that the landlord is responsible, is sending a letter to the landlord with a list of common area barriers. Kmart continues to send initial and follow up letters and Plaintiffs continue to send additional follow-up letters. Landlord responses have varied: some have been willing to bring common areas into compliance; others dispute Kmart's reading of the lease or analysis of legal requirements; and others have not responded.

Kmart has reported regularly on mystery shopper results and customer comments on accessibility. Through March 2009, when its obligation under paragraph 14.6 ended, Kmart also reportedly regularly on rack spacing issues. Class counsel has found no systematic problems with either report.

**2.     Attorneys' Fees**

Pursuant to Paragraph 21.1 of the Settlement Agreement, Kmart has paid the attorneys' fees and costs of Class Counsel for work performed pursuant to the Settlement Agreement.

**CONCLUSION**

Under Paragraph 18.2 of the Settlement Agreement, which sets forth the requirement for this annual status report, the parties are to "identify[] any outstanding issues on which the Parties are then in disagreement." The Parties are pleased to inform the Court that there are no outstanding issues that require the Court's involvement at this time. The Parties both believe that over the past year, and indeed throughout the remediation phase of this case, they have worked well together to resolve open issues that have arisen and that both sides have acted professionally and collegially in their attempt to implement the terms and spirit of the Settlement Agreement.

Respectfully submitted,

| | |
|---|---|
| FOX & ROBERTSON, P.C. | KMART CORPORATION |
| /s Timothy P. Fox | /s Lori K. Miller |
| Amy Farr Robertson | Lori K. Miller |
| Timothy P. Fox | Assistant General Counsel |
| Fox & Robertson, P.C. | Sears Holdings Corporation |
| 104 Broadway | 3333 Beverly Road |
| Suite 400 | B6-225B |
| Denver, CO 80203 | Hoffman Estates, Illinois 60179 |
| Voice: 303.595.9700 | Phone: 847-286-4482 |
| Fax: 303.595.9705 | Fax: 847-286-6544 |
| Email: arob@foxrob.com | Email: lori.miller@searshc.com |
| Attorneys for Plaintiffs | Attorney for Defendant Kmart Corporation |

September 8, 2011